RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 28 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### Atlanta DIVISION

Deborah Marshall
(Print your full name)

Plaintiff *pro se*,

v.

U.S. Department of Housing and Urban Development

(Print full name of each defendant; an employer is usually the defendant)

Defendant(s).

CIVIL ACTION FILE NO.

1 19-CV-0460

(to be assigned by Clerk)

## *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1. This employment discrimination lawsuit is brought under (check only those that apply):

     Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

    **NOTE:** To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

  ✓     Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

  ✓     Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

_____     Other (describe) _____

_____

_____

_____

_____

_____

2. This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3. Plaintiff.   Print your full name and mailing address below:

   Name    Deborah Marshall

   Address    3190 Cherry Court
              Decatur, GA 30034

4. Defendant(s).   Print below the name and address of each defendant listed on page 1 of this form:

   Name    U.S. Department of Housing and Urban Development

   Address   40 Marietta Street
             Atlanta, GA 30303

   Name    _____

   Address   _____

   Name    _____

   Address   _____

## Location and Time

5. If the alleged discriminatory conduct occurred at a location <u>different</u> from the address provided for defendant(s), state where that discrimination occurred:

   Same as above

6. When did the alleged discrimination occur? (State date or time period)

_November 2016 through October 27, 2017_

## Administrative Procedures

7. Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?   ✓ Yes   ___ No

   If you checked "Yes," attach a copy of the charge to this complaint.

8. Have you received a Notice of Right-to-Sue letter from the EEOC?

   ✓ Yes   ___ No

   If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter: _11-5-2018_

9. If you are suing for **age discrimination**, check one of the following:

   ✓   60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

   ___   Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

   \_\_\_\_\_ Yes   \_\_\_\_\_ No   √ Not applicable, because I was not an employee of, or applicant with, a State agency.

   If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

   _____

   _____

   _____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

   √ Yes   \_\_\_\_\_ No   \_\_\_\_\_ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

   If you checked "Yes," describe below what happened in that administrative process: I filed an EEO Complaint of Discrimination on October 27, 2017.

## Nature of the Case

12. The conduct complained about in this lawsuit involves (check only those that apply):

    ✓ failure to hire me
    ✓ failure to promote me
    ___ demotion
    ___ reduction in my wages
    ___ working under terms and conditions of employment that differed from similarly situated employees
    ✓ harassment
    ✓ retaliation
    ✓ termination of my employment
    ✓ failure to accommodate my disability
    ___ other (please specify) _____

13. I believe that I was discriminated against because of (check only those that apply):

    ✓ my race or (color) which is _____
    ___ my religion, which is _____
    ___ my sex (gender), which is ___ male ___ female
    ✓ my national origin, which is _____
    ✓ my age (my date of birth is _11-10-1954_ )
    my disability or perceived disability, which is:
    _Physical - Back_
    ✓ my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation

    ___ other (please specify) _____

Page 6 of 9

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

Please see the attached detailed description of all circumstances and actions that support my claim(s) of discrimination.

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

16. Detailed Description of all circumstances and actions that support my claim(s) of discrimination on the basis/bases identified in Item 14.

On July 27, 2016 and November 21, 2016, I filed a complaint of discrimination against the Agency and Kevin Shearer. Since filing the complaint, I have been subjected to retaliation, hostile work environment, and disparate treatment.

1. Since engaging in the protected activity described above, Kevin demeanor has changed; taking a turn towards hostility and vindictiveness. When he comes down my aisle in the mornings, he greets everyone with a "Good morning [employee's name]", except me. He repeats this routine when he leaves in the evenings. When we have mistakenly met each other in the aisle and I speak to him, he forces an audible grunt; instead of responding in-kind.

2. I independently completed a project with the Mortgage Review Board in Headquarters (MRB). After instructing me to submit a synopsis of this work for inclusion in the Atlanta HOC FY2016 Annual Report, Mr. Shearer credited my work for the Mortgage Review Board to the Quality Assurance Division team members. Similarly, I was not acknowledged or awarded for the work with the MRB; until after I filed my complaint. Several similarly situated employees who had not engaged in protected activity were given awards for much less substantial work.

3. Shortly after engaging in protected activity, I was removed from participating in servicing reviews. On or around March 15, 2017, Valerie J. Williams approached me with questions and/or comments relative to my reasonable accommodation, field review target assignments, and the monitors who would be performing the servicing monitoring reviews in Florida. She then proceeded to tell me that the servicing reviews had been assigned to Irene Nesbitt and Erika Robinson-Pean on her team, and Jesseka Williamson and Selene Proenza on Ada Caro's team. When I informed Valerie of my concerns of not being included in servicing reviews and serving as a Team Leader, she stated that nothing is final, and concerns would be taken into consideration when the Branch Chiefs make the final assignments. During my mid-term evaluation, I reminded her that she had not assigned me as a Team Leader for field reviews. To date, I have not received further response from Valerie relative to my participation in targeted servicing field reviews or serving as a Team Leader.

4. Since I engaged in protected activity, Valerie Williams, my supervisor, has never asked me to serve as the Acting Branch Chief during her absence. As recent as June 12th through June 19th, other employees on her team were asked to serve as the Acting Branch Chief.

5. On or around June 21, 2017, Kevin made a derogatory remark concerning my work to representatives in Headquarters and Valerie Williams; my immediate supervisor. I had been asked by a representative in Headquarters to work on the servicing part of the new Loan Review System (LRS) because of my expertise in servicing and they wanted "fresh eyes" for the testing phase.

*Deborah Marshall*
*Page 1 of 2*

In communicating with headquarters about the opportunity, Ms. Williams requested that Irene Nesbit participate in the project as well. Shortly thereafter, Mr. Shearer responded that he agreed with the inclusion of Irene Nesbit and stated, "Besides her knowledge and experience with Servicing, I feel Irene would keep me in the loop and give more accurate feedback." Headquarters then responded: "I'm going to defer to Atlanta management on this. Sounds like they have their reasons."

6. Non-selection – Non-selection for Quality Assurance Division (QAD) Supervisory Single-Family Housing Specialist, GS 14 position, Announcement No.: 17-HUD-822.

7. On August 30, 2017, my name was omitted in the accomplishments section of the 3rd Quarter Newsletter – The Collaborator. I was not acknowledged for my work with representatives in Headquarters and Atlanta QAD for the servicing part of the Loan Review System (LRS). However, Irene Nesbit was identified and given credit for her part in working on the LRS.

8. Since engaging in protected activity, I was removed from participating as a Team Leader for origination reviews. Kevin identified the Team Leaders (Batch Owners and Lender Operations Reviewers) on September 14, 2017 for three on-site field reviews. All other employees would be a team member. The Batch Owners were John O'Hara, Barbara Whiteside, and Jesseka Williamson. The Lender Operations Reviewers were Joanne Frasier, William Salva, and Heidi Sanchez. The Team Leader assignments were not based on your experience in conducting origination field reviews. Kevin informed us that his decision was based on the number of files the employees had received and completed in the Loan Review System (LRS), and their reviews were completed less than the 20 calendar days deadline. Joanne and I were on Jesseka's team. Joanne could not go on-site for the monitoring review; therefore, she was replaced with Nkechi Adiele. Nkechi is a new hire to QAD and has never conducted an origination field review. Yet, she was given an opportunity to serve in the role of reviewing the lender's operation. I trained Joanne and Jesseka in how to conduct origination field reviews when they came as new hires to QAD.

Kevin informed us on October 18, 2017 that we were assigned the first batch of servicing self-report files based on our servicing experience. Based on their servicing experience, Heidi and Jesseka were also given an opportunity to work on servicing self-report files.

*Deborah Marshall*
*Page 2 of 2*

15.  Plaintiff  ✓  still works for defendant(s)
    \_\_\_\_  no longer works for defendant(s) or was not hired

16.  If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation?  ✓ Yes  \_\_\_\_ No

    If you checked "Yes," please explain: I asked for work assignments in an automobile not to exceed 2 hours; however, I was given assignments that would have included driving more than 2 hrs. My physical disability is back pain.

17.  If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial. Do you request a jury trial?  ✓ Yes  \_\_\_\_ No

## Request for Relief

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

\_\_\_\_  Defendant(s) be directed to _____

✓  Money damages (list amounts) _____

✓  Costs and fees involved in litigating this case

✓  Such other relief as my be appropriate

Page 8 of 9

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this _28_ day of _January_, 20_19_

_Deborah Marshall_
(Signature of plaintiff *pro se*)

_Deborah Marshall_
(Printed name of plaintiff *pro se*)

_3190 Cheru Court_
(street address)

_Decatur, GA 30034_
(City, State, and zip code)

_debomar1@aol.com  #1_
(email address)

_770-235-4008 (cell)_
(telephone number)

_770-323-7418 (home)_